## EARL BELL v. THE STATE.

### No. 5421.    Decided June 18, 1919.

**1.—Murder—Second Application—Continuance—New Trial.**

Where upon motion for new trial it was shown that the alleged absent testimony contained in the second application for continuance was material, the same should have been granted. Following Wilson v. State, 18 Texas Crim. App., 576, and other cases.

**2.—Same—Evidence—Husband and Wife—Cross-Examination.**

Where, upon trial of murder, defendant introduced his wife as a witness to show certain conduct on the part of the deceased toward her, her cross-examination on other matters not testified to in her direct examination was reversible error.

**3.—Same—Evidence—Husband and Wife—Rule Stated.**

When the wife of one accused of crime voluntarily takes the stand in his behalf she may be impeached by proof of contradictory statements made to a third party, just as any other witness. Following Link v. State, 72 Texas Crim. Rep., 82.

**4.—Same—Evidence—Declarations of Defendant.**

There was no error in allowing the State's witness to testify that on the night before the killing defendant made certain declarations and threats against the deceased, in the presence of the deceased, and the witness.

**5.—Same—Evidence—Declarations of Third Parties—Charge of Court.**

Upon trial of murder there was no error in admitting testimony that prior to the homicide the brother of defendant told the witness that he and defendant had it fixed to kill deceased; it being shown that the homicide was committed in front of said brother's house who was the only eyewitness, and that a proper predicate had been made to impeach said brother of defendant, and the testimony was properly limited.

**6.—Same—Contradicting Witness—Qualified Admission.**

Where the written statement of the brother of defendant before the grand jury contradicted the witness when testifying on the stand, with regard to such statement, which was a qualified admission, there was no reversible error. Following Rice v. State, 51 Texas Crim Rep., 136.

**7.—Same—Manslaughter—Charge of Court—Insulting Conduct—Female Relative—First Meeting.**

Where it was shown that the parties met and settled their differences, and nothing occurred thereafter or prior to the homicide to give in any wise a new ground for passion aroused by an insult or communication of insulting conduct to a female relative, the court was justified in instructing

the jury that these matters which occurred prior to said meeting will not
be deemed adequate cause.

**8.—Same—Practice on Appeal—Argument of Counsel.**

Where the cause was reversed for another ground, the complaint to
argument of counsel which will not occur upon another trial need not be
considered.

Appeal from the District Court of Bowie. Tried below before the
Hon. P. A. Turner.

Appeal from a conviction of murder; penalty, ten years imprison-
ment in the penitentiary.

The opinion states the case.

*R. H. Jones* and *Mahaffey, Keeney & Dalby*, for appellant.—On
question of declaration of third party: Hobbs v. State, 53 Texas
Crim. Rep., 71, 112 S. W. Rep., 308; Richards v. State, 53 Texas
Crim Rep., 400, 110 S. W. Rep., 432; Norwood v. State, 80 Texas
Crim. Rep., 552, 192, S. W. Rep., 248; Green v. State, 201 S. W.
Rep., 182; Carroll v. State, 203 S. W. Rep., 599; Gaines v. State,
38 Texas Crim. Rep., 202.

On question of introducing written statement of witness before
grand jury: Walker v. State, 17 Texas Crim. App., 16; Dean v.
State, 47 Texas Crim. Rep., 245; Bice v. State, 51 id., 136.

On question of court's charge of manslaughter: Mitchell v. State,
77 Texas Crim. Rep., 404, 179 S. W. Rep., 116; Jones v. State,
33 Texas Crim. Rep., 492; Canister v. State, 46 id., 221; Bays
v. State, 50 id., 548; Gillespie v. State, 53 id., 167.

*E. A. Berry*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted, in the Criminal
District Court of Bowie County, Texas, of the murder of George
Petties, and his punishment fixed at ten years in the penitentiary.

Appellant made a second application for a continuance because
of the absence of one Neeley and King. We do not think the dili-
gence as to the witness Neeley was sufficient, but King had been
subpœnaed and was in attendance at the former setting of the case
and his absence was not known to appellant, as disclosed by said
application, till the day of the trial. Being a second application it
must appear that his testimony could not be procured from any
other source, known to the appellant. It was set up in the applica-
tion that by said King it would be shown that a few days prior to
the killing he met deceased carrying a gun and asked him what he
was going to do with it, and deceased told him he was going to kill
a negro with it, that King asked deceased what negro, and he said
"Earl Bell," and further said he was going to kill him because of
Bell's wife. Said application further showed that King would testify
that he communicated these facts to the appellant two days before

the homicide. We have searched the record carefully to see if this evidence, either in detail or in substance, was given by any other witness but failed to find any evidence thereof. The materiality of this testimony further appears from the fact that appellant and one other eyewitness to the homicide swear that just before the appellant shot deceased, deceased threw his hand back to his hip as though he was going for his gun. Wilson v. State, 18 Texas Crim. App., 576; Alexander v. State, 25 Texas Crim. App., 260; Reeves v. State, 34 Texas Crim. Rep., 483. The continuance should have been granted or the court should have granted a new trial upon the discovery of the materiality of said testimony and the inability to procure same from any other source.

Appellant's wife was introduced as a witness in his behalf to show insulting conduct on the part of the deceased toward her. On direct examination she did not testify anything regarding any trouble between herself and her husband or any separation over any woman. This being true, it was error to permit the State to examine her as to this or any other matter not connected with or germane to her testimony in chief. This applies also to the question asked her by the State, and complained of in appellant's bill of exception, as to her statement to her husband that she dreamed that deceased had said certain things about her husband and Cora Waller.

The matters complained of in appellant's bills of exceptions numbers 6, 8, 11, 12 and 13 do not constitute reversible error. When the wife of one accused of crime voluntarily takes the stand in his behalf she may be impeached by proof of contradictory statements made to third parties just as any other witness. Taylor v. State, 74 Texas Crim. Rep., 3, 167 S. W. Rep., 56; Roberts v. State, 74 Texas Crim. Rep., 150, 168 S. W. Rep., 100; Link v. State, 73 Texas Crim. Rep., 82.

No error was committed in allowing witness Swink to testify that on the night before the killing he said to appellant that he understood appellant had purchased a gun to kill the witness and deceased with. Said witness, appellant and deceased were together and what they said relative to the trouble between deceased and appellant was admissible.

Nor can we say that the testimony of the witness Barber, that prior to the homicide Albert Bell, a brother of appellant, told him that he and appellant had it fixed to kill deceased, and if appellant did not he would, was inadmissible. The killing took place immediately in front of Albert Bell's house in a public road, and Albert was the only eyewitness who testified for the appellant besides himself The court's explanation of this bill shows that a proper predicate was laid while Albert was on the witness stand and the testimony was restricted in the charge of the court to the question of impeachment. If true, it strongly tended to affect the bias and animus of Albert Bell as a witness in the case.

The written statement of Albert Bell before the grand jury about which he was asked, was admissible. The witness when on the stand testifying with regard to said statement, made a qualified admission of having given such testimony while a witness before the grand jury. Under all the authorities cited and known, when there is a direct or qualified denial or a qualified admission, proof may be made of the contradictory statements. Only a direct, unqualified admission deprives the party offering to make such proof, of the right to introduce same. Bice v. State, 51 Texas Crim. Rep., 136; Dean v. State, 47 Texas Crim. Rep., 245.

We do not think the charge of the court on manslaughter open to the criticism directed thereat. It was shown that on the night preceding the homicide appellant and deceased met and agreed to drop their troubles; that they were close enough to touch each other and the witness said their hands went up but it was dark and he could not say whether they shook hands or not. On the next morning between ten and eleven o'clock, deceased was riding along the public road on a mule and appellant shot and killed him. No conversation was had between them at the time except that appellant ordered deceased to stop and deceased begged him not to shoot. Appellant testified fully and made no claim of any insult or communication regarding anything of that sort, subsequent to the meeting between the two men the night before. Under our decisions, there may be a provocation occurring subsequent to the last meeting of the parties before the homicide, which provocation may perhaps not be sufficient of itself, but may revive other former provocations and the jury may be permitted to consider them all together in determining if there be adequate cause, but it is believed that when there was adequate cause existing, but the parties met and settled their differences, if nothing occurred thereafter and prior to the homicide to in any wise create or give any new ground for passion, then the court is justified in telling the jury that those matters which occurred prior to said meeting will not be deemed adequate cause.

There were other objections to the court's charge which we do not think well taken.

The errors complained of as occurring during the argument of the district attorney will not occur upon another trial.

For the errors mentioned, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*