### Earl Bell v. The State.

No. 5865.    Decided October 27, 1920.

**1.—Murder—Continuance—Subsequent Application.**

Where, upon trial of murder, the defendant filed a fourth application for continuance which shows on its face that a number of other witnesses testified to the same facts expected to be proved by the absent witnesses, and that it was therefore cumulative, and there was a want of diligence as to another absent witness, the application was properly refused.

**2.—Same—Evidence—Res Gestae—Declarations of Deceased.**

Where, upon trial of murder, the court admitted testimony that deceased, about twenty minutes after the shooting, in reply to questions, stated that defendant shot him for nothing, he being found helpless on the ground, the same was *res gestae* and there was no reversible error. Following Lewis v. State, 29 Texas Crim. App., 201, and other cases, and the statement that "he shot me for nothing" would not make such declarations inadmissible.

**3.—Same—Bill of Exceptions—Practice on Appeal.**

Where the bills of exception did not set out any material error, they will not be reviewed on appeal.

**4.—Same—Husband and Wife—Evidence—Rule Stated.**

It is the settled law of this State that a wife, testifying for her husband, may be impeached as any other witness, upon a predicate relating to her testimony in chief, and where defendant had introduced his wife the State had a right to examine her on cross-examination, as to contradictory statements made to her sister.

**5.—Same—Remarks by Court—Practice on Appeal.**

While the remarks by the court concerning defendant's witness should not have occurred, the matter need not be discussed, as the judgment must be reversed upon other grounds.

**6.—Same—Evidence—Husband and Wife—Witness—Privileged Communication.**

Where the brother of defendant gave material testimony for him, the State could not lay a predicate to impeach said witness by asking him if he did not tell his wife after the shooting that he did not see any of it, and upon his denial of such statement place the wife of witness upon the stand and have her testify that he did make such statement. This was precluded by Article 794, Vernon's C. C. P., and constitutes reversible error.

**7.—Same—Privileged Communication—Husband and Wife.**

The rule forbids testimony from either spouse as to communications to or from the other, and the fact that the husband and wife are separated or divorced at the time of the trial would make no difference.

Appeal from the District Court of Bowie. Tried below before the Honorable P. A. Turner.

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*R. H. Jones, J. Q. Mahaffey* and *Keeney & Dalby,* for appellant.— On question of continuance: Bell v. State, 213 S. W. Rep., 647; Wilson v. State, 18 Texas Crim. App., 576; Alexander v. State, 25 id., 260; Reeves v. State, 34 Texas Crim. Rep., 483.

On question of declaration of deceased: Warren v. State, 9 Texas Crim. App., 629; Williams v. State, 40 Texas Crim. Rep., 570; Bateson v. State, 46 id., 45.

On question of *res gestae:* Pharr v. State, 10 Texas Crim. App., 487; Stevens v. State, 20 id., 270; Chalk v. State, 35 Texas Crim. Rep., 127; Pryse v. State, 54 id., 527; Deneaner v. State, 58 id., 624.

On question of privileged communication between husband and wife: Hobbs v. State, 112 S. W. Rep., 314; Norwood v. State, 192 id., 254; Eads v. State, 170 id., 145; Carroll v. State, 203 id., 599.

88 Tex.—5

On question of remarks by court: Newton v. State, 58 Texas Crim. Rep., 316; Simmons v. State, 55 id., 444; Walling v. State, 128 S. W. Rep., 624.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of continuance: Toliver v. State, 140 S. W. Rep., 776; Jones v. State, 136 id., 57; O'Neal v. State, 146 id., 938.

On question of declarations of deceased: Stagnar v. State, 9 Texas Crim. App., 440; Irby v. State, 7 S. W. Rep., 707; Carver v. State, 148 S. W. Rep., 746; Wilson v. State, 158 id., 512; Christian v. State, 161 id., 101; Ward v. State, 159 id., 272.

On question of cross examination of wife: Brown v. State, 144 S. W. Rep., 265; Golden v. State, 146 id., 945.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Bowie County for the murder of one George Petties, and his punishment fixed at fifteen years confinement in the penitentiary. This is the second appeal, the former opinion appearing in 85 Texas Crim. Rep., 475, 213 S. W. Rep., 647.

When the case was called for trial, appellant asked for a continuance, which appears to have been his fourth application. To the refusal of this application, exception was taken, and the matter is here urged as error. Bert Seals was one of the absent witnesses named in said application. We have carefully examined the' testimony stated in said application as expected from Bert Seals, and also expected from Chester Waller and Bertha Harmon, and are of opinion that inasmuch as a number of other witnesses testified for defendant to the same facts, the testimony of said witnesses would be cumulative, and it was not error to refuse the application as to them. As to the witness Eargle, no diligence is shown. It is stated in said application that said witnesses had been served with subpœnas in Bowie, Titus and Hopkins Counties, but it is not stated or shown when such service was had, nor that said witnesses had ever appeared, the cause having been upon the docket for a number of years. The continuance was properly refused.

Appellant's bills of exceptions Nos. 2 and 3 complain of the admission of statements made by deceased to Elihu Swink and Matthew Swink. We will not undertake to discuss the relative correctness of the bills of exception filed by the trial court and those filed by appellant as bystander's bills, the contents of both sufficiently presenting the matter from our viewpoint. It appears from the record that the Swinks were the first persons who appeared at the point where deceased was lying in the road, where he fell when shot. The Swinks came up in a car, and finding the deceased lying in the road, shot through the body, they asked him about it, and he replied that Earl Bell shot him about twenty minutes before the Swinks came. One of them then asked him what Earl Bell shot him for, to which deceased replied that he shot him for nothing. Deceased being unable to move, these parties then took him in their car and carried him

to his home, where he died within an hour. This testimony was ob-
jected to, because it was hearsay, out of the presence and hearing of
appellant, and was the opinion of deceased. Mr. Branch collates
numerous authorities on pages 52 and 53 of his Annotated Penal Code,
supporting the proposition that the statements of deceased made a
short time after the fatal difficulty, stating how same occurred, are
admissible as *res gestae*. In Lewis v. State, 29 Texas Crim. App.,
201, the statements of deceased were made from half an hour to an
hour and a half after the difficulty, and were held admissible as *res
gestae*. In Fulcher's case, 28 Texas Crim. App., 465, a statement by
deceased made thirty minutes after the difficulty was held admis-
sible. See Castillo v. State, 31 Texas Crim. Rep., 152. That the
deceased said "He shot me for nothing" would not make the state-
ment inadmissible. Drake v. State, 29 Texas Crim. App., 269; Clark
v. State, 56 Texas Crim. Rep., 293; Creft v. State, 52 Texas Crim.
Rep., 257; Wood v. State, 87 Texas Crim. Rep., 354, 221 S. W. Rep.
276.

We do not think any error appears in appellant's bills of excep-
tions Nos. 4 and 5.

In his bill of exceptions No. 6, appellant complains because the
State was permitted to ask the wife of appellant if she had not told
her sister at a certain time and place that deceased had not insulted
her, but that all they had against him was that he had taken Earl's
pistol? This was permissible. Appellant introduced his wife, and
she had testified that deceased had insulted her, and that she had
informed appellant thereof before the homicide. It is the settled
law of this State that a wife testifying for her husband, may be im-
peached as any other witness, upon a predicate relating to her testi-
mony in chief.

Appellant has a bill of exceptions to remarks made by the trial
court concerning his witness King. Inasmuch as the case must be
reversed upon another ground, we will not discuss this matter
further than to say that the remark of the court was unfortunate and
will not occur again.

The homicide occurred near the house of appellant's brother, who
testified as a witness for defendant, giving material testimony, if
true. The State sought to lay a predicate to impeach said witness,
by asking him if he did not tell his wife after the shooting, that he
didn't see any of it, and upon his denial of having made this state-
ment, the State brought in his wife as a witness, who testified that
he did come to where she was after the shooting, and did tell her
that he did not see any of it. This matter is complained of by bill
of exceptions, and we think both the predicate and the testimony of
the wife are violative of Art. 794, Vernon's C. C. P., which is as
follows:

"Neither husband nor wife shall, in any case, testify as to com-
munications made by one to the other, while married; nor shall they,

after the marriage relation ceases, be made witnesses as to any such communication made while the marriage relation subsisted, except in a case where one or the other is prosecuted for an offense; and a declaration or communication made by the wife to the husband, or by the husband to the wife, goes to extenuate or justify an offense for which either is on trial."

This seems to forbid testimony from either spouse as to communications to or from the other, when same is objected to. The fact that the husband and wife are separated or divorced at the time of the trial would make no difference. They were husband and wife when the communication was made, and it would, therefore, be inadmissible.

There are a number of other errors complained of, which we do not deem it necessary to discuss.

For the error in the admission of said testimony, the case will be reversed and remanded for a new trial.

*Reversed and remanded.*