B. C. HUDGINS v. THE STATE.

No. 13881.  Dismissed January 14, 1931.
Appeal Reinstated February 18, 1931.
Rehearing Denied March 25, 1931.

The opinion states the case.

*Jones & Jones,* of Mineola, and *Wynne & Wynne,* of Wills Point, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

It is stated in appellant's brief that he duly entered into an appeal bond after notice of appeal was given. The appeal bond is not brought forward in the transcript. When the accused is at large, this court is without jurisdiction in the absence of a proper recognizance or appeal bond. Moore v. State, 112 Texas Crim. Rep., 142, 15 S. W. (2d) 617, and authorities cited.

The appeal is dismissed. Appellant is granted 15 days in which to perfect his appeal.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON REINSTATEMENT OF APPEAL.

CHRISTIAN, JUDGE.—A sufficient appeal bond having been filed, the appeal is reinstated and the case considered on its merits.

Appellant contends that the evidence is insufficient to support the conviction. We are unable to agree with him. The testimony of the State's witnesses was, in substance, as follows: Having secured a search warrant, officers went to appellant's residence for the purpose of making a search for intoxicating liquor. While going through the house the officers heard some noise on the back porch. On making an investigation, they discovered appellant in the act of throwing fruit jars of whisky into the yard. One half-gallon fruit jar full of whisky had already been thrown out, and appellant had another jar of the same size in his hand. The officers found three half-gallon jars full of corn whisky, and one half-gallon jar a little more than half full. Going into an outbuilding near the house, the officers found between 100 and 200 empty fruit jars. They detected the odor of whisky in twenty of the jars. They also found a number of pint bottles which they described as "flask bottles". Appellant's automobile was parked near the house. An examination of the automobile disclosed that there was some hay under one of the cushions. In this hay the officers saw prints of square fruit jars of half-gallon size. The fruit jars in which the liquor was found were square and of half-gallon size. Also, they found under the front seat a number of pint bottles. Near a tree they found a tow sack with pint bottles in it.

Appellant did not testify in his own behalf, but offered his wife and other witnesses on the question of the purpose for which he possessed the whisky. Appellant's wife testified that upon the advice of her physician she had been using whisky for a number of years for medicinal purposes, taking it internally and rubbing her body with it. She also said that her children had been afflicted with measles shortly before the

raid was made, and that whisky was given to them as a medicine. The physician testified that he had advised appellant and his wife to give the children a little whisky. As to having prescribed for appellant's wife, he said that he had advised her on one occasion to take whisky for a "smothering spell". According to his testimony, a dose would probably have been a tablespoonful or two every 20 or 30 minutes until she was relieved. The physician further testified that he had not seen appellant's wife in about three years. As to suggesting to her that she rub herself with alcohol, he said that he had no recollection of advising her to rub her body with it. Being shown one of the fruit jars, the witness testified that she would not need as much as "is gone from the fruit jar in front of me in one week." Other witnesses for appellant testified to the fact that his wife and children had been sick.

In his voluntary written confession adduced in evidence by the State, appellant stated that the officers had found four one-half-gallon jars of corn whisky on his back porch. Touching the purpose for which the whisky was possessed, the confession was silent.

The motion for new trial was overruled on the 15th day of May, 1930, and notice of appeal given on the same date. Appellant was granted 80 days from the giving of notice of appeal in which to file his bills of exception. The bills of exception were filed on the 11th day of August, 1930, which was 88 days after giving notice of appeal. No order extending the time is found in the record. The bills were filed too late to be entitled to consideration.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The only ground of the motion is that we erred in holding that appellant's bills of exception were filed too late for consideration. The trial term of the court below beginning Monday, April 7th, and under the law continuing six weeks, would make the adjournment date May 17th. If we should agree with appellant's contention, that the language of the court's order made it appear that he intended to grant eighty days for the filing of bills of exception from the date of adjournment, computation would show that eighty days from May 17th would end on August 5th. The bills of exception in this record were filed August 11th. Being still of opinion that same were filed too late for consideration, the motion for rehearing will be overruled.

*Overruled.*