## JESSE T. BILLINGS V. THE STATE.

No. 18641.   Delivered December 16, 1936.
Rehearing Denied January 13, 1937.

The opinion states the case.

*Lee Minner*, of San Diego, and *E. B. Simmons*, of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape by force; the punishment, confinement in the penitentiary for 25 years.

Anna Kostal, prosecutrix, testified, in substance, as follows: Monica Kneupper and the witness met appellant and W. M. Smith at the Tourist Club in the City of San Antonio, where they danced until midnight. Leaving the club, they accepted the invitation of appellant and Smith to take them home in appellant's automobile. After taking Monica Kneupper and Smith home, appellant drove out a country road. The witness demurred to no avail. Appellant stopped the car and attempted to fondle her person. Freeing herself, she jumped out of the car and ran up the road, calling for help. Appellant overtook her and forced her back into the car. He told her if she hollered he would "beat hell out of her." She begged him not to harm her. Finally he told her he would take her home; but, after driving some distance, he again stopped the car and made an unsuccessful attempt to have sexual relations with her. He then drove to a tourist camp for the purpose of renting a cabin. While he was away from the car making arrangements for a cabin she jumped out and ran to a cabin that was occupied, calling for help. Appellant overtook her and forced her back into the automobile. He then drove away. Stopping his car in a field, he again attacked her; and, notwithstanding the utmost resistance on her part, he succeeded in having sexual intercourse with her. When he penetrated her female organ she suffered pain and bloodshed. After ravishing her appellant again drove to the tourist camp, where he was advised that the officers were looking for him. He immediately took the witness home. After reaching home she reported the fact that appellant had ravished her.

Attending physicians testified that the hymen of prose-

cutrix had been recently lacerated, and that there was evidence of hemorrhage.

The State introduced several witnesses who were present at the tourist camp on the occasion in question. Their testimony was to the effect that at the time appellant and prosecutrix came to the camp prosecutrix called for help. One of the witnesses said: "I saw a man forcing a lady out of another cabin. She was screaming and hollering for help and to call the police. She said, 'I want somebody to help me. He is hurting me.' "

In his testimony appellant admitted that he had sexual intercourse with prosecutrix. However, he declared that she had freely consented. The two bills of exception in the record are concerned with the argument of the district attorney. In the first bill it is shown that appellant requested the court to instruct the jury to disregard the argument of the district attorney relative to a statement appellant's witness Smith had made prior to the trial. The qualification attached to the bill by the trial judge recites that the parts of the statement referred to by the district attorney in his argument had been introduced in evidence. In short, the qualification shows that the argument had support in the evidence adduced upon the trial. Under the circumstances, the bill fails to present error.

The second bill of exception is qualified by the trial judge to show that the argument therein set forth was invited by the argument of appellant's counsel. As qualified, the bill fails to reflect error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The only contention made in this case is that the evidence is insufficient to show that the alleged rape was consummated by the use of physical force of a character sufficient to overcome resistance on the part of the alleged injured female. In the light of appellant's motion for rehearing, we have again gone carefully over the facts. We deem them amply sufficient to show a continued, drawn out, persistent use of all kinds of force, coupled with threats, which finally resulted in the consummation of the alleged rape.

The motion for rehearing is overruled.

*Overruled.*