Rex Ed **ELAM**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49117.

Court of Criminal Appeals of Texas.

Feb. 5, 1975.

John T. Montford, Court Appointed, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and Richard Palmer, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted by a jury of the offense of sale of cocaine. Punishment was assessed by the court at twelve years' imprisonment.

Fourteen grounds of error are raised in this appeal. The first urges that the State was allowed to bolster the credibility of its witness Ronald Ray Tucker.

Tucker, an undercover agent for the Department of Public Safety, had purchased six "papers" of cocaine from the appellant on March 3, 1973. The appellant, raising the defense of entrapment, urged that Tucker was the motivating force behind the sale.

■ At trial, Tucker was called as the State's first witness. After establishing that Tucker was a narcotics agent assigned to undercover work and stationed in Waco, the prosecuting attorney then asked the witness a number of questions to which appellant vigorously objected on the grounds of relevancy and bolstering. The witness was asked where he was born; where he was raised; if he had completed high school; whether he had served in the armed forces; where he had served; whether he was decorated (objection was sustained); the date he was employed by D. P.S. and his length of service; what his first duties were; the nature and length of training he had undergone; whether he had training in addition to his regular training; and the cities and counties to which he had been assigned.

The State contends, without citation of authority, that the questioning was proper. Appellant relies on two cases for the proposition that the questioning was an improper attempt to bolster the witness' credibility. Dodson v. State, 149 Tex.Cr.R. 184, 192 S.W.2d 451 (1946) and Tweedle v. State, 153 Tex.Cr.R. 200, 218 S.W.2d 846 (1949).

In Dodson v. State, supra, the accused called a witness to establish his good reputation. He sought to have her testify that she was related to several prominent people well-known in the county, in order to "give weight to her testimony." On the State's objection, the evidence was excluded. This Court held that the exclusion of the evidence was proper, and indeed it was, since by the accused's admission its purpose was to "give weight" to the witness' testimony—hence to bolster.

Tweedle v. State, supra, is more in point. In that case, the State's witness was allowed to testify on direct examination that he had served in the Army for twenty-nine months; that he spent twenty-nine months overseas; that he had lived in the Waco area for twenty years, and that he had never been charged with any offense. The Court held that the testimony was not relevant to any issue and served only to bolster the witness, and reversed the case.

As we view the instant case, the questions asked of the witness were a proper inquiry into his background. This information places the witness in the context of his background and is a proper matter for preliminary inquiry. See Hickey v. State, 51 Tex.Cr.R. 230, 102 S.W. 417 (1907); Hasley v. State, 87 Tex.Cr.R. 444, 222 S.W. 579 (1920); Jordan v. State, 96 Tex.Cr.R. 70, 255 S.W. 735 (1923); and Myers v. State, 149 Tex.Cr.R. 301, 194 S.W.2d 91 (1946). It enables both the defendant and the jury to assess the weight to be given to a witness' testimony and to evaluate his credibility. See Winkle v. State, 488 S.W.2d 798 (Tex.Cr.App.1972) and Watson v. State, 488 S.W.2d 816 (Tex.Cr.App. 1972). It will be seen from the questions themselves that the inquiry was directed to the background of the witness, and did not seek to bring out matters relating to his good character and veracity. There was no error. To the extent that Tweedle v. State, supra, is inconsistent with the position announced today, it should not be considered authoritative.[1]

■ Appellant's second and third contentions urge the evidence of an extraneous offense (burglary) was improperly admitted. The record reflects that all discussions regarding the burglary charge took place outside the presence of the jury. When the jury returned, the court sustained appellant's objection to a question relating to the charge and instructed the jury to disregard the question. The question itself made no reference to the burglary, but only referred to the fact that appellant had been released from jail on bond

[1]. The testimony in Tweedle v. State, supra, regarding the fact that the witness had never been charged with an offense was properly excluded. The testimony regarding his military service and residence was background material which should have been admitted.

and that the bond was revoked. We perceive no error.

■■ Appellant also complains that the State was allowed to prove that appellant made another sale to Tucker subsequent to the date of the sale for which appellant was on trial. As previously noted, appellant raised the defence of entrapment. When the defense of entrapment is raised, evidence of extraneous offenses becomes admissible on the issue of intent. See Prudhomme v. State, 495 S.W.2d 941 (Tex. Cr.App.1973) and cases there cited.

In his fifth contention appellant complains of the court's charge limiting the jury's consideration of the evidence of extraneous offenses. It appears to be his contention that the extraneous offense could have no bearing on his intent at the time of the offense on trial because the extraneous offense occurred subsequent to the offense in the instant case. Appellant's contention is without merit. In Prudhomme v. State, supra, the extraneous offense occurred after the offense on trial.

■ Appellant's sixth ground of error complains that in questioning the appellant the prosecutor injected an extraneous offense. It appears that appellant stated that he purchased the cocaine he sold to Tucker from a person named Arlo. On cross-examination, he was asked the following:

"Are you a pretty good customer of Arlo's?" Appellant responded that he was not, but testified without objection that he had made two previous purchases from Arlo. In view of the fact that appellant stated he was not a "good customer" and admitted two prior purchases from Arlo, the error was harmless.

■ Appellant's next five contentions (grounds of error seven through eleven) complain of allegedly improper jury argument by the State. Although complaint is made regarding five separate instances of argument, we are directed to a specific portion of the record only once. The complaints of instances of argument not located with specificity in the record preserve nothing for review. See McElroy v. State, 455 S.W.2d 223 (Tex.Cr.App.1970); Smith v. State, 473 S.W.2d 216 (Tex.Cr.App. 1971) and Collins v. State, 502 S.W.2d 743 (Tex.Cr.App.1973).

■ With regard to the contention which is preserved for review, it appears that during argument the prosecutor stated to the jury that the appellant had made a profit of $150.00 on the sale. Appellant objected that the argument was outside the record. The objection was sustained and the court, on its own motion, instructed the jury to disregard the statement. Appellant's motion for mistrial was overruled. The prejudicial effect, if any, of his statement was adequately removed from the jurors' minds by the instruction to disregard. See Smith v. State, 513 S.W.2d 823 (Tex. Cr.App.1974).

■ Appellant's grounds of error thirteen and fourteen contend that he was improperly sentenced.[2] It is appellant's position that he was improperly sentenced under Section 4.01(b)(1) of the Controlled Substances Act (Acts 1973, 63rd Leg., Ch. 429), Vernon's Ann.Civ.St. and that he should have been sentenced under either Sections 4.01(b)(2) or 4.01(b)(3) of the Act.[3]

Appellant bases the contention that he should not have been sentenced as a first

2. Appellant elected to be sentenced under the provisions of the new Texas Controlled Substances Act.

3. Section 4.01(b)(1) of the Act creates a category of felonies of the first degree with a punishment of imprisonment for life, or for a term of not less than 5 nor more than 99 years.

Section 4.01(b)(2) relates to second degree felonies and provides punishment of 2–20 years' imprisonment and a possible fine not to exceed $10,000. Section 4.01(b)(3) relates to felonies of the third degree and provides punishment of imprisonment for 2–10 years and a possible fine not to exceed $5,000.

degree felon on the argument that Section 4.02(d) of the Act, which lists coca leaves and derivatives thereof in penalty group one, does not expressly include the term "cocaine." He points to the wording of the former statute, Art. 725b, Sec. 1(11), Vernon's Ann.P.C.1925, which provided:

" 'Coca Leaves' *includes cocaine* and any compound, manufacture, salt, derivative, mixture or preparation of coca leaves . . . " (Emphasis added)

Appellant argues that since cocaine was expressly listed in the former act and is not expressly listed in the present act, the Legislature may have intended the omission and, if so, we should conclude that cocaine was intended to fall into one of the other penalty groups.

An examination of the other penalty groups reveals no mention of cocaine, nor any mention of coca leaves or their derivatives. On the other hand, Section 4.02(b) of the Act states:

"Coca leaves and any salt, compound, derivative or preparation of coca leaves and any salt, compound, derivative or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions which do not contain cocaine or ecgonine."

The plain language of this section leaves no doubt but that it was the legislative intent that *any* derivative of coca leaves, including cocaine, be included in penalty group one.

Appellant's last ground of error urges that the charges against him should be dismissed because the failure to include cocaine in the penalty groups under the new act renders the sale or possession of that drug no longer an offense. In view of what we have said regarding appellant's immediately preceding contentions, this contention is without merit.

The judgment is affirmed.