ALFRED JOHNSON v. THE STATE.

No. 9780.    Delivered October 14, 1925.

**Transporting Intoxicating Liquor—Appeal Bond—Recognizance—Held Insufficient.**

This record discloses that appellant made an appeal bond, which not being approved by the Sheriff or the District Judge is insufficient, and also a recognizance made after the adjournment of the term and which does set out the offense for which appellant was convicted, and on motion of the state the appeal is dismissed. Following Brown v. State, 88 Tex. Crim. Rep. 55, Reed v. State, 98 Tex. Crim. Rep., 505. See also Art. 903, C. C. P.

Appeal from the District Court of Nueces County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

*Sutherland & Sutherland,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was tried and convicted in the district court of Nueces County for the offense of transporting intoxicating liquor and his punishment assessed at one year in the penitentiary.

The record shows that the court convened on the 27th day of April, 1925, and ended on the 6th day of June, 1925. The State's attorney for this Court moves to dismiss this appeal on account of an insufficient appeal bond or an insufficient recognizance. The record discloses what is probably intended for an appeal bond which is neither approved by the sheriff or the District Judge, dated June 12, 1925, and filed June 15, 1925. Without the approval of the Judge and the Sheriff, after the court had adjourned, same would be insufficient to sustain an appeal to this court. Brown v. State, 88 Tex. Crim. Rep. 55; 224 S. W., 1105.

The record discloses what purports to be a recognizance entered into on the 13th day of June, 1925 and after the adjournment of said term of said court which states that the appellant was ''Convicted of violation of the Dean Act,'' and nowhere states what he was charged with. This is insufficient to give this court jurisdiction for two reasons; first because the statement that he was charged with violating the Dean Act is insufficient, Reed v. State, 98 Tex. Crim. Rep. 505. And a recognizance entered into the expiration of the term is a nullity. Art. 902, C. C. P., requires the recognizance to be entered into during term time of court.

For the reasons above stated, we are of the opinion that the State's motion should be sustained and the appeal dismissed and it is accordingly so ordered. Appellant is granted 15 days within which to prepare proper bond.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.