JOHN KOGAR v. THE STATE.

No. 11612.   Delivered May 16, 1928.
Rehearing denied November 14, 1928.

The opinion states the case.

*W. W. Kirk,* of Plainview, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for two years.

It appears from the caption of the transcript that the term of the court at which appellant was convicted adjourned October 29th, 1927. It appears from the transcript that appellant entered into recognizance on appeal November 2nd, 1927. Thus the transcript shows that the court had adjourned at the time appellant entered into recognizance. A recognizance entered into after the expiration of the term is a nullity. Johnson v. State, 275 S. W. 1036; Articles 817 and 818 C. C. P. Appellant being enlarged on a void recognizance, this court is without jurisdiction to pass on the merits of the appeal. Warrick v. State, 268 S. W. 1118.

The appeal is dismissed. Appellant is granted fifteen days from this date in which to file proper appeal bond.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

LATTIMORE, JUDGE.—Appellant makes a sufficient showing that the caption of the transcript herein incorrectly stated the day of the adjournment of the trial term. It now appears that the court below did not adjourn until November 5, 1927, and that the recognizance was made during the term. The appeal is re-instated, and the case will now be considered on its merits.

We find two bills of exception in the record. The first complains of the overruling of appellant's motion for a continuance. It appears that when the motion was presented the trial court heard evidence, which is incorporated in the bill, and from same we are of opinion no error was committed in the overruling of said motion. The witnesses named therein had not been served with process. The testimony heard supports the proposition that said witnesses went away from the county of the prosecution in order to assist appellant in an effort to get the case continued. Before leaving home the witness Whitely, chiefly relied on in said application, is shown to have stated that he knew nothing about the case.

The second bill sets out the objection of appellant to the introduction of the testimony heard by the court upon the presentation of the application for continuance, the ground of objection being that defendant was not present when the statements were made by Whitely, and further that the testimony now heard was in the presence and hearing of the jury panel and therefore prejudicial to the rights of the accused. This bill is qualified by the statement of the trial judge

who says that when the witness who testified to the statement made by Whitely, was giving testimony he was sitting near the judge's desk in giving his testimony to the judge. It is further shown that during the examination of the jury panel on their voir dire none of them were asked if they heard the testimony of these witnesses, nor whether such testimony would affect their verdict. No motion was made to quash the jury panel because they may have heard such testimony, nor was any challenge made to any juror because of such fact. The court approves the bill with the statement that it was presented to him after the adjournment of court, and states as follows: "No bill of exception was taken and filed during the term of court at which this case was tried." The law now does not require such bill to be filed during the term.

The bill presents no error.

The testimony seeems amply sufficient to support the finding of the jury. The officers searched appellant's premises with a search warrant at which no exceptions are leveled and found many fruit jars hidden in various and sundry places around over the premises, and according to the testimony of the officers each of the fruit jars smelled of whisky. More than a quart and a half of the liquid itself was found in these containers.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an able motion for rehearing, claiming only that we erred in upholding the refusal of his application for continuance. We have again reviewed those matters in the record bearing on this question. The witnesses had not been subpoenaed. In connection with the motion for new trial the court below heard evidence which seems to fully support the proposition that one of said witnesses absented himself from the trial for the sole reason that he might thus enable appellant to get a continuance, and that before going away he said he knew nothing shedding any light on the case. The facts attributed to the other witness are so at variance with the testimony developed as to render it improbable that had the witness been present he would have given the testimony stated to be expected of him, and also to demonstrate the falsity of such testimony if given. It thus appears that the refusal of the continuance was within the discretion of the trial court, and that no abuse of such discretion has been shown. No affidavit of either

witness was attached to the motion for new trial. As we interpret the record, the court below was willing to postpone the hearing of said motion for new trial to allow appellant time to get such affidavits, but such postponement was not asked. No merit appearing in the motion for rehearing, same will be overruled.

*Overruled.*