See, also, McPhail v. State, 114 Tex. Cr. R. 635, 26 S.W.(2d) 218; Boyd v. State, 114 Tex. Cr. R. 160, 21 S.W.(2d) 733.

█ As shown by bill of exception No. 3, the district attorney, in his closing argument to the jury, used language as follows: "I want to tell you there is positive testimony corroborating the testimony of Jack Fancher and that his testimony is legitimately before this jury for if this court had not known that there was positive testimony corroborating the witness Fancher he would have given you a charge on circumstantial evidence, and he did not give you a charge on circumstantial evidence, not one single line in this charge regarding circumstantial evidence; which shows that the court knew there was positive evidence corroborating the witness."

Appellant objected to this argument on the ground that it left the impression upon the minds of the jury that the trial judge believed and knew that there was positive testimony corroborating the accomplice witness. The court overruled the objection, and declined to instruct the jury not to consider the statement. Appellant offered no written charge withdrawing the remarks. The argument was not proper. The accomplice witness testified that he was with appellant when he stole the chickens, and that he and appellant went to the chicken house of the injured party and carried the chickens away. The fact that the only direct testimony came from the accomplice did not make it necessary to charge on circumstantial evidence. Branch's Annotated Penal Code, § 1874; McKinney v. State, 48 Tex. Cr. R. 402, 88 S. W. 1012. In determining the effect of the argument, it is proper to look to the facts and circumstances in evidence. Silver v. State, 110 Tex. Cr. R. 512, 8 S.W.(2d) 144, 9 S. W.(2d) 358, 60 A. L. R. 290. Looking to the record, we find that the uncontroverted evidence of guilt is plain. The stolen chickens were discovered in appellant's garage the day after they were taken. Mr. Craddock, the owner of the chickens, positively identified the chickens as being his property. On the day the chickens were stolen, appellant and Jack Fancher, the accomplice witness, were seen by witnesses in appellant's automobile about two miles from the scene of the theft with some chickens in the car. The accomplice witness testified that he and appellant stole the chickens and placed them in appellant's garage. Appellant offered no testimony. We think it is clear that the argument could not have contributed to the assessment of a penalty in excess of the minimum. The evidence of guilt being plain and uncontradicted, the opinion is expressed that we would not be warranted in predicating a reversal of the judgment upon the remarks under consideration.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### SMITH v. STATE.
### No. 14071.

Court of Criminal Appeals of Texas.
Oct. 14, 1931.

Rehearing Denied Nov. 4, 1931.

Crane & Hartwell, of Raymondville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for assault with intent to murder, punishment being assessed at two years' imprisonment in the penitentiary. Our state's attorney calls attention to the recognizance entered into pending appeal, a defect in which makes a dismissal necessary.

█ The recognizance in question departs materially in verbiage from that prescribed by article 817, C. C. P.; notwithstanding that, it might be held good were it not for its failure to require appellant "to abide the

judgment of the Court of Criminal Appeals of the State of Texas." In lieu of the requirement just quoted, the present recognizance makes the appearance of appellant in the court below "subject to notice of appeal in the Criminal Court of Appeals at Austin, Texas." We cannot regard such language as substantially complying with article 817, C. C. P. Nowhere in the present recognizance does appellant bind himself to abide the judgment of this court.

Many cases upon the point will be found collated in the notes under article 817, Vernon's Ann. Tex. C. C. P. vol. 3.

If appellant should desire to further prosecute his appeal, he may have fifteen days from this date to file in the court below and bring to this court a bail bond pending appeal as required by article 818, C. C. P.

The appeal is dismissed.

On Motion to Reinstate Appeal.

LATTIMORE, J.

The appeal in this case was dismissed at a former day of this term because of a defective recognizance. Appellant moves to reinstate the appeal, accompanying his request with a certified copy of a recognizance which seems to have been entered into on October 17, 1931. The trial term of the court below ended August 29, 1930. Under statutory prescription a recognizance entered into after the adjournment of the trial term is a nullity. Kogar v. State, 110 Tex. Cr. R. 636, 10 S.W.(2d) 546; Johnson v. State, 101 Tex. Cr. R. 561, 275 S. W. 1036; Brown v. State, 88 Tex. Cr. R. 55, 224 S. W. 1105. Article 818, C. C. P., provides for the giving of an appeal bond where there is a failure to enter into a recognizance during the trial term of the lower court.

The motion to reinstate the appeal will be refused.