WALLACE GILLISPIE V. THE STATE.

No. 18319.   Delivered May 13, 1936.
Rehearing Denied June 24, 1936.

The opinion states the case.

*Burr S. Cameron,* of Linden, and *J. R. Cornelius,* of Jefferson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, three years in the penitentiary.

14

We are confronted in the outset with the fact that the appeal bond executed by the appellant was approved only by the sheriff, and not by the district judge as well as the sheriff. The law requires that such appeal bond be approved both by the trial judge and the sheriff. The bond being insufficient, the appeal must be dismissed.

The appellant will be given fifteen days from the date of this dismissal in which to perfect his appeal.

### FINAL DISPOSITION.

KRUEGER, JUDGE.—At a former day of this court we dismissed the appeal in this case by reason of a defective appeal bond. Since then appellant filed a certified copy of a recognizance which he entered into at a subsequent term of the trial court to that at which he was convicted and which he, no doubt, intended for an appeal bond. A recognizance entered into at a subsequent term of court to that at which the judgment of conviction was entered and from which the appeal was taken has no legal effect. See arts. 817, 818, C. C. P., 1925; Barron v. State, 46 S. W. (2d) 317; Smith v. State, 42 S. W. (2d) 787.

Whenever an appeal is dismissed by reason of some defect in the record and it is thought that such defect has been subsequently cured and corrected, such as an amended bond upon appeal, the corrected record should be accompained by a motion to reinstate the appeal. No formal motion to reinstate accompanies the attempted correction of the defect pointed out in our original opinion. We granted appellant fifteen days in which to file a good and sufficient appeal bond and he has not done so. If it is thought by him that forwarding to this court a certified copy of the recognizance taken at a subsequent term of the court should be considered as a motion to reinstate, then it is ordered that such motion to reinstate be overruled, and it is directed that the original order of dismissal remain in full force and effect.

*Appeal dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.