## CLAUDIE EDWARDS V. THE STATE.

No. 19424.   Delivered February 16, 1938.
On the merits March 30, 1938.
Rehearing denied May 18, 1938.

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is accomplice to theft; the punishment, confinement in the penitentiary for three years.

The transcript shows that the trial court adjourned on the 16th of July, 1937, and that on the 17th of July appellant entered into recognizance on appeal. A recognizance entered into after the expiration of the term is a nullity. Articles 817 and 818, C. C. P.; Kogar v. State, 10 S. W. (2d) 546. Appellant being enlarged on a void recognizance, this Court is without jurisdiction to pass on the merits of the appeal. Kogar v. State, supra.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

On the 19th of January, 1937, appellant was convicted in the district court of Childress County of the offense of accomplice to felony theft. Sentence was suspended. On the 24th of May, 1937, he was convicted in the United States District Court for the Northern District of Texas of the offense of violating the Liquor Taxing Act of 1934, Internal Revenue Laws. It was charged in the indictment that the last mentioned offense was committed on the 4th day of March, 1937. Following conviction appellant was sentenced to confinement in the Potter County jail for a term of six months, but execution of the sentence was suspended by the court for a period of three years. Thereafter, on the 12th day of July, 1937, the suspended sentence in the district court of Childress County was revoked and sentence was duly pronounced condemning appellant to confinement in the penitentiary of the State of Texas for not less than two nor more than three years. Hence this appeal.

It is appellant's contention that, by reason of the suspension of the execution of the sentence, he has not been finally convicted of a felony in the United States District Court. Answering this contention, we quote from Berman v. United States, 82 Law Ed., 212, as follows:

"Petitioner was convicted and sentenced. Final judgment in a criminal case means sentence. The sentence is the judgment. * * * Here, the imposition of the sentence was not suspended,

but only its execution. The sentence was not vacated. It stood as a final determination of the merits of the criminal charge. To create finality it was necessary that petitioner's conviction should be followed by sentence * * * but when so followed the finality of the judgment was not lost because execution was suspended."

Appellant could have been punished by imprisonment for a term exceeding one year. 26 U. S. C. A., Sec. 1184. The statute denouncing the offense does not designate it as a misdemeanor. It is provided in the United States Code of Criminal Procedure that "all offenses which may be punished by death or imprisonment for a term exceeding one year, shall be deemed felonies." 18 U. S. C. A., Sec. 541.

The judgment in the United States District Court was final upon a conviction for felony. Hence the suspended sentence in the district court of Childress County was properly revoked.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant contends in his motion herein that because of the fact that since his suspension of sentence has been revoked, on account of a conviction in the United States Court for the Northern District of Texas, such sentence shall be made cumulative with the Federal district court sentence, as set forth in the original opinion herein. This of course is impossible. This Court has no control over the Federal court sentences, and no one at this time can possibly tell when that sentence shall end, except that it might terminate at the end of three years from its suspension.

It is our opinion that the cumulative feature of Article 779, C. C. P., is for the benefit of the State, and a compliance therewith can only be invoked by the State. The appellant will suffer no injury for a failure to comply therewith, and is in no position to complain of the less onerous sentence that has been pronounced against him in this Court.

The motion is overruled.