JAMES H. COMPTON V. STATE

No. 31,051. November 18, 1959

On Motion to Reinstate Appeal January 6, 1960

Motion for Rehearing Overruled February 10, 1960

*Francis C. Richter,* Hondo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is rape; the punishment, five years.

On May 9, 1959, appellant's motion for new trial was overruled, sentence was pronounced, and notice of appeal was given.

The record contains a recognizance filed March 31, 1959. It is not in the terms required by Art. 817 C.C.P., does not show to have been entered of record, and was filed while motion for new trial was pending and before notice of appeal was given.

It appearing that appellant is at large upon an insufficient recognizance on appeal, this court is without jurisdiction to enter any order other than to dismiss the appeal. Edwards v. State, 134 Tex. Cr. R. 512, 116 S.W. 2d 711; Schroeder v. State, 142 Tex. Cr. R. 443, 154 S.W. 2d 480; Salter v. State, 159 Tex. Cr. R. 482, 264 S.W. 2d 719.

The appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL

BELCHER, Judge.

Appellant has entered into a proper appeal bond and the appeal is reinstated and will be considered.

The prosecutrix, 14 years of age at the time of the trial, testified that when she was 13 years of age, the appellant took her and another girl to a dance, and after leaving the dance they took the other girl home and then went to appellant's house. At this time appellant's wife was away from home visiting relatives. She further testified that while at appellant's house he placed his privates in her privates and had a complete act of intercourse with her; that he then gave her some money; and about a month later he brought her a birthday cake to her home and told her not to tell anything because it would get him in trouble.

Appellant made a written statement to the sheriff while he was out on bond pertaining to his relations with the prosecutrix and portions of it were introduced in evidence by the state without objection. In those portions of the statement he admits that he took the prosecutrix and another girl to the dance, after which they took the other girl home, and then went to his house where he tried to have intercourse with her but was so scared that he barely got his privates into hers.

The prosecutrix' sister testified that the appellant brought the prosecutrix a birthday cake to her home and talked with the prosecutrix but she did not hear what was said between them.

Appellant testifying in his own behalf admits being with the prosecutrix at the time and place as shown by her testimony of the offense here charged and also as to parts of his written statement introduced in evidence, but denies that there was penetration; and that he did not remember saying in his written statement that he barely got his privates into hers because he didn't read the statement he signed but it was read to him.

The evidence is sufficient to support the conviction.

There are no formal bills of exception.

Complaint is made of the failure of the state to respond to appellant's written motion to produce certain instruments for his examination. There is no showing that such motion was presented to the court or that any ruling of the court was made thereon. Hence no error is shown.

The judgment is affirmed.