Johnny BANDA, Appellant,

v.

The STATE of Texas, Appellee.

No. 41042.

Court of Criminal Appeals of Texas.

Feb. 7, 1968.

On Appellant's Motion to Reinstate Appeal
March 13, 1968.

Bonilla, De Pina, Read & Bonilla, by Pedro P. Garcia, Corpus Christi (On Appeal Only), for appellant.

Thomas D. Blackwell, Dist. Atty., Jack Placke, Asst. Dist. Atty., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Rape; the punishment, assessed by the jury, 20 years.

Sentence was pronounced on March 30, 1967, and no notice of appeal was given within ten days thereafter as required by Article 44.08(c), Vernon's Ann.C.C.P., nor does the record reflect that for good cause shown, the trial court permitted the giving of notice of appeal after the expiration of such ten days. See Article 44.08(e), V.A. C.C.P.

Appellant gave written notice of appeal on April 17, 1967. In his brief appellant acknowledges that he filed his notice of appeal belatedly, but contends that the trial judge by "an appropriate docket entry" permitted the notice of appeal, though not filed within the prescribed time. We fail, however, to find any such docket entry, any docket sheet or any other instrument in the record to indicate the trial court took such action.

If by oversight or omission the "appropriate docket entry" was not included in the record on appeal, it may now be forwarded to this Court under proper certification by the clerk at the time appellant files his motion to reinstate the appeal. See Gillispie v. State, 131 Tex.Cr.R. 13, 95 S.W.2d 695.

If the trial court did not permit the delayed notice of appeal as claimed by appellant, he may still do so for good cause shown.

The appeal is dismissed.

## OPINION

## ON APPELLANT'S MOTION TO REINSTATE APPEAL

MORRISON, Judge.

The record has been perfected, and the appeal is reinstated.

Appellant's sole ground of error is that the trial court erred in allowing several of the State's witnesses to testify as to the reputation and character of the appellant prior to the commission of the crime when appellant was a juvenile, in contravention of Art. 2338–1, Vernon's Ann.Civ.St.

This question has been recently decided adversely to appellant's contention. See Broadway v. State, Tex.Crim.App., 418 S.W.2d 679, at 682. We adhere to our holding in Broadway v. State, supra.

The judgment is affirmed.