Darrell CULVAHOUSE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42035.

Court of Criminal Appeals of Texas.

April 30, 1969.

Alexander & Barber, Odessa, for appellant.

**638**

Jack Tidwell, Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery with firearms; the punishment, 100 years.

The record reflects that appellant, armed with a pistol, demanded and received money from Irene Bonds, the operator of a liquor store in Odessa, and then shot her in the head two times. She recovered and testified at the trial. The sufficiency of the evidence is not challenged.

One ground of error is presented. Appellant complains that he was not permitted to prove at the penalty stage of the trial that he had worked as a pipe fitter in the construction business for a year and earned some $5000.00, and if the jury did not assess the death penalty he would like to finish his education. Appellant contends that this was proof of his general reputation and his character as authorized under Art. *37.07* Vernon's Ann.C.C.P. Appellant testified during the guilt stage of the trial that he had done mostly construction work; that he had worked at Big Spring and for Permian Pipe as a pipe fitter until two or three weeks before April 24, the date of the robbery. He testified that he had received an income tax refund in the amount of $278.00. The only testimony that the jury did not have before it was the total amount of $5000.00 that he had earned.

Appellant cites Allaben v. State, Tex.Cr. App., 418 S.W.2d 517, where this court held that the trial court should have admitted, but it was not reversible error to exclude, defendant's testimony that he received psychiatric care and treatment since the date of the offense. Banda v. State, Tex.Cr.App., 424 S.W.2d 938, and Smith v. State, Tex.Cr.App., 414 S.W.2d 659, are relied upon by appellant. In those cases

evidence of general reputation was properly introduced against the defendants.

The offered testimony that he had earned $5000.00 would not be evidence of general reputation. No reversible error is shown.

The judgment is affirmed.