**Charles TILLIS, alias Harrison Tillis, alias Billy Tom, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44905.**

Court of Criminal Appeals of Texas.

May 3, 1972.

---

1. Art. 1.15, V.A.C.C.P., as amended, which now permits oral stipulations was not in effect at the time of this trial.

Wallace Shropshire, Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of possession of a bomb. The jury assessed punishment at 9 years.

The state's evidence shows that on June 7, 1969, Don Brown was working as a waiter and bar tender in the Havana Club in Austin. That day the appellant came into the club and sat at a table conversing with some of the patrons and then left the club. A short time thereafter he returned and got into an argument with Brown, became loud and abusive, and was asked to leave the club. The appellant did leave the club but stated that he was coming back. He did return and advised one of the patrons that she should leave the club because he was going to burn the place down. Thereafter, appellant threw a bottle on the bandstand which exploded and began burning. He then threw a second bottle which hit at the back of the bandstand within the building, but this bottle failed to explode. The evidence reveals that the second bottle contained a liquid that smelled like gas and had a rag stuffed into the top of it.

The appellant, testifying in his own behalf, invoked the defense of alibi. He stated that on June 7, 1969, he was in Post, Texas, where he had lived from May 8, 1969, the date he was released from the Texas Department of Corrections, until July 1969 when his parole was revoked and he was returned to the Department of Corrections. He stated that his brother was in Austin on the date in question. However, the jury chose to believe the four eye witnesses who identified appellant as the person they saw throw the bomb in the Havana Club in Austin on the date in question.

Appellant's court appointed attorney on appeal asserts that he has diligently searched the record and the law applicable thereto in an attempt to discover some meritorious grounds of error during the course of the proceedings. He carefully points out those possible grounds of error that might merit review.

In accordance with Gainous v. State, Tex.Cr.App., 436 S.W.2d 137, appellant's court appointed attorney furnished the appellant with a copy of the appellate brief. He notified the trial court that in his opinion the appeal is without merit and urged the court to make the record available to the appellant to afford him an opportunity to prepare a pro se brief, in the event that appellant feels that his court appointed attorney has overlooked any ground of error. No pro se brief has been filed.

The record before us has been carefully reviewed and we agree that the appeal is wholly frivolous and without merit.

However, we note that the sentence herein directs that the appellant be sentenced to confinement in the Texas Department of Corrections for an indeterminate term of not less than two years nor more than nine years. Such sentence should read that he be sentenced to confinement in the Texas Department of Corrections for an indeterminate term of not less than five years nor more than nine years, and it is reformed to so read. See Article 1723, Vernon's Ann.P.C.

As reformed, the judgment is affirmed.