**Edward Earl BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45533.**

Court of Criminal Appeals of Texas.

Jan. 10, 1973.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery with firearms; the punishment, fourteen years.

The sufficiency of the evidence is not challenged. The appellant was the driver of the car in which he and his two companions left the scene of the robbery committed in a grocery store.[1]

The appellant urges that clothing found in the automobile at the time of the arrest was erroneously admitted because he had not been permitted to see and inspect the clothing prior to trial and that he was, therefore, surprised by their introduction at the trial.

There appears in the record a "Motion for Production of Documents, Statements and Examination of Evidence" containing a request for the inspection of "other evidence" and "physical evidence of any kind." This request is too general to be considered. Feehery v. State, 480 S.W.2d 649 (Tex.Cr.App.1972). Also, there is nothing in the record to reflect that the motion was brought to the attention of the trial court and no order or ruling upon the motion is in the record.

The appellant's companions, during the robbery, had been wearing the clothes introduced into evidence, but these clothes had been changed before their arrest. When the clothing was offered into evidence, the only objection made was that such evidence was not material. No error is shown, and the clothing was properly admitted into evidence.

Our attention has been directed to the sentence which provides that the appellant shall be confined for "not less than

Howard O. Lake, Houston, for appellant.

1. This is a companion case with Thomas v. State, 477 S.W.2d 881 (Tex.Cr.App.).

two (2) nor more than fourteen (14) years." The minimum term provided for the offense of robbery by firearms is five years. Article 1408, Vernon's Ann.P.C. The indeterminate sentence law, Article 42.09, Vernon's Ann.C.C.P., has not been properly applied. The sentence is, therefore, reformed to read that the appellant shall be confined for "not less than five years nor more than nine years." Tillis v. State, 479 S.W.2d 298 (Tex.Cr.App. 1972); Vasquez v. State, 477 S.W.2d 629 (Tex.Cr.App.1972) and Hinkle v. State, 442 S.W.2d 728 (Tex.Cr.App.1969).

As reformed, the judgment is affirmed.

Opinion approved by the Court.