Phillip **RAMIREZ**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45636.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Sanders, Miller & Baker, by Dee Miller, Amarillo, for appellant.

Tom Curtis, Dist. Atty., F. G. Shackelford, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; punishment, enhanced under Article 62, Vernon's Ann.P.C., 12 years.

Initially, appellant attacks the sufficiency of the evidence.

The record shows that Mortaman J. Sanderson closed his Shamrock service station in Amarillo at approximately 9:00 P.M. on January 28, 1971. Prior to his closing the station, Sanderson painted the floors of the station with a special color green paint furnished by the Shamrock Oil Company. At approximately 4:00 A.M., on January 29, 1971, Sanderson was called to his service station and discovered that it had been broken into. When he arrived he noticed that a lower window on an overhead door was broken, that there were scuff marks upon the newly painted portion of his office, and that a small plastic bag containing money was missing. He stated that he gave no one consent or permission to break into his service station.

Lary Barlow, a police officer with the Amarillo Police Department, testified that he was dispatched to the vicinity of the Shamrock service station at approximately 3:50 A.M. on January 29, 1971. He discovered a parked automobile approximately one and one-half blocks from the station. He approached it and found Harold Russell hiding inside. Russell gave his name as Robert Jones and told Officer Barlow that he was waiting for his brother, who had gone riding with a girl friend. The appellant then arrived and, upon inquiry

by Officer Barlow as to his reason for being at that location, stated that the automobile had stopped running and he had gone to a friend's house for help. Thereafter, Officer Barlow ascertained that the automobile ran properly and observed two flashlights and a crescent wrench inside the automobile. The appellant was then searched and some change of the approximate amount reported missing from the service station was found on him. Also, appellant's shoes had green paint on them which matched the paint on the floor of the service station.

Harold Russell was called as a witness by the state. He testified that he and appellant drove to the railroad tracks situated "about two and a half blocks" from the Outsider Lounge; that appellant got out of the car, took a tire tool with him and stated that he was going to try to get in the Outsider Lounge. After appellant got out of the automobile, Russell turned the automobile around and parked it on the side of the street. He further testified that the Outsider Lounge was "right next to" the Shamrock service station that was burglarized.

 The court charged the jury on the law of circumstantial evidence and to the effect that an accomplice witness' testimony must be corroborated by other evidence tending to connect the accused with the crime. We conclude that the evidence is sufficient to support the jury's verdict. Cherb v. State, Tex.Cr.App., 472 S.W.2d 273. See also, Blackshire v. State, Tex. Cr.App., 470 S.W.2d 666; O'Dell v. State, Tex.Cr.App., 467 S.W.2d 444.

Finally, appellant contends that reversible error was committed by the admission into evidence of an extraneous offense.

This ground of error relates to the accomplice witness' testimony that the appellant stated he was going to burglarize the lounge next door to the service station. We note that no objection was addressed to this testimony; hence, the error, if any, is not before us for review. Thompson v.

State, Tex.Cr.App., 486 S.W.2d 343; Thomas v. State, Tex.Cr.App., 482 S.W.2d 218; Lopez v. State, Tex.Cr.App., 468 S.W.2d 365.

The record shows that appellant was sentenced to not less than two nor more than twelve years, whereas such sentence should be for twelve years in compliance with Article 62, V.A.P.C., and such is reformed to so read.

As reformed, the judgment is affirmed.