James Jasper SHELTON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 45994.

Court of Criminal Appeals of Texas.

May 16, 1973.

Rehearing Denied June 6, 1973.

Dalton Gandy, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Marvin D. Snodgrass, Rufus J. Adcock and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of statutory rape; punishment was assessed by the jury at life imprisonment.

Five grounds of error are raised, two of which concern an alleged illegal search and seizure.

On October 21, 1970, the eleven-year-old prosecutrix was selling candy from house to house. Appellant abducted the young girl and raped her. Two days later, he was arrested; subsequently on that same day a Fort Worth police officer went to the home of appellant's parents.

An extensive hearing outside the presence of the jury was held on the admissibility of certain items obtained from this location; to wit, a blue jacket, a ring, and a pair of sunglasses. The officer testified that he had a conversation with appellant's father outside the house and discussed his right to refuse the officer permission to obtain any property from the residence. The officer stated that Shelton (Sr.) said he would help any way he could, and that he wanted to cooperate with the police. Shelton signed a consent to search form, volunteering the officer the right to search the home and a certain automobile. The officer testified he was then invited inside to conduct the search, but that no search was necessary since the items sought were obtained by Mrs. Shelton and handed over to him.

Mr. Shelton's testimony corroborated that of the officer, stating he told him, "You can come in and look for anything in the house that you want." The only discrepancy in the testimony occurred when Shelton stated that the *officer* retrieved a blue jacket from appellant's closet.

Mrs. Shelton testified that she was in another part of the house when her husband let the officer into the house. Like her husband, she stated that, though she retrieved the ring and handed it to the officer, it was the officer who removed the blue jacket from he closet.

The trial court entered its finding that, as to the jacket and ring, there was, in fact, no search and that the sunglasses were obtained from the automobile as the result of the consent and permission of appellant's father.

■ Appellant argues that there was a search and that it was unreasonable and illegal. We cannot agree. Even if we accept the contention that the officer did conduct a search inside the house, there is only evidence to the effect that such search was made after consent had been granted to the officer. Mr. Shelton was advised of his rights, but chose to sign the consent form and then invite the officer inside.

■ Neither can appellant be heard to complain that his parents were not in a position to permit his room to be searched. There was testimony that appellant had agreed to pay rent for the room, but he had not done so as yet. The facts are remarkably like those in the recent case of Sorenson v. State, 478 S.W.2d 532 (Tex. Crim.App.1972). The holding in that cause a dispositive of appellant's contention.

Appellant next challenges certain testimony which he says bolstered an unimpeached State's witness. A police officer was testifying after a State's exhibit, a ring, had been introduced into evidence:

"Q  Did you show her [the prosecutrix] that ring?

"A  I did.

"Q  Now, Officer, did you just walk up and say, show her that ring, or tell this Jury how you showed her that ring.

"A  I selected from the police department down there five or six rings with stones in them that I placed this ring in the group of them and showed them to her, approximately five or six rings at one time.

"Q  Did she pick out any ring?

"A  She did.

"Q  Which one did she pick out?

"A  She picked out this one.

"MR. GANDY [DEFENSE COUNSEL]: We object to this as hearsay.

"THE COURT: Objection sustained.

"MR. GANDY: And we ask the Court to instruct the Jury not to consider the question or the answer.

"THE COURT: The jury will not consider the question or answer for any purpose.

"MR. GANDY: And at this time, in view of the prejudicial nature of the testimony, we move for a mistrial.

"THE COURT: Motion is denied."

■ Clearly, the prosecutor's last question should not have been posed. However, we deem it harmless error in light of the relief granted. The prosecutrix had earlier identified the ring as the one appellant wore the day he attacked her. Also, the objection on appeal that the question posed by the prosecutor amounted to bolstering was not voiced at the trial. Salas v. State, 486 S.W.2d 956 (1972). No reversible error is shown.

In ground #4, appellant complains of testimony which he says was prejudicial and implied an extraneous offense. A young girl testified that on the day of the offense she saw appellant in the general area where the abduction occurred. After she identified appellant in the courtroom, the following colloquy took place:

"Q Was he in his car, or did he get out of his car?

"A He got out of his car.

"Q Did this man sitting right over here, did he do something, Angie, to make you look at him?

"A No, he told us—

"Q Now, wait a minute. Don't say what he told you. Did he do something?

"A Yes.

"MR. SNODGRASS [PROSECUTOR]: All right. Pass the witness.

"MR. GRADY [DEFENSE COUNSEL]: That's all.

"THE COURT: All right. Step down and wait outside please."

■ If appellant's contention is that such testimony implied an extraneous offense, there is still nothing for this Court to review. No objection was voiced nor any instruction to disregard sought.

■ Appellant's final ground asserts that the trial court erred in not granting a motion for mistrial following improper reputation testimony at the punishment stage. A police officer testified that appellant's general reputation for being a peaceful and law-abiding citizen was bad. The prosecutor qualified the witness as follows:

"Q Officer, is the opinion that you have with regard to the Defendant's general reputation based upon other cases that you have knowledge of?

"MR. GANDY [DEFENSE COUNSEL: Object to that. That is not the test, Your Honor.

"THE COURT: Objection sustained.

"MR. GANDY: May I ask the Court to instruct the Jury not to consider that question.

"THE COURT: The Jury will not consider that question for any purpose.

"MR. GANDY: At this time, we move for a mistrial, Your Honor.

"THE COURT: Motion denied.

"MR. GANDY: Note our exception."

We agree with appellant that, as propounded, the prosecutor's question, which

was not answered, presents error. But we cannot conclude that such error warrants reversal of this cause. The jury was not unaware of the fact that appellant had a prior criminal record. State's exhibits were introduced showing earlier convictions for fondling, assault with intent to commit murder with malice, and robbery by firearms. The jury was instructed not to consider the statement for any purpose. Appellant's contention is overruled.

The judgment is affirmed.