Jerry Lee **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47023.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Rehearing Denied Jan. 30, 1974.

Kerry P. Fitzgerald, Dallas (Court appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The jury assessed punishment, enhanced under Article 62, Vernon's Ann.P.C., by a prior conviction for burglary with intent to commit theft, at life.

Appellant first contends the trial court erred in overruling his motions requesting a copy of the transcripts of his first two trials, both of which resulted in mistrials. This complaint is founded upon two separate requests for the transcripts. The first request was entitled, "Motion for Writ of Transcript," and was dated April 23, 1971; the second, entitled "Defendant's Motion," was made on the day trial commenced, May 12.

■ The first request, apparently handwritten by appellant, requested transcripts of both former trials. It was mailed to the trial court from the Dallas County Jail and was filed by the District Clerk on April 27. Trial commenced two weeks later. At the pretrial hearing, the "Motion for Writ of Transcripts" was apparently never brought to the court's attention. The record shows that no ruling was ever obtained regarding it and no objection was made to the court's failure to consider it. One must obtain an adverse ruling of the trial court before such a matter is preserved for review. Torres v. State, Tex.Cr.App., 491 S.W.2d 126. See also Compton v. State, 169 Tex. Cr. 46, 331 S.W.2d 220; Brown v. State, Tex.Cr.App., 488 S.W.2d 818, and Haggerty v. State, Tex.Cr.App., 491 S.W.2d 916.

■ Appellant's second request was brought to the trial court's attention on the day of the trial and was overruled. It was handwritten and was submitted at appellant's request by his court-appointed counsel. This motion requested a copy of all testimony taken at his second trial only. It stated that it was "to be used to show prior inconsistent statements by witnesses in such trial and . . . for cross-examination purposes," and that appellant was without funds to pay for the transcript.

It further stated that the transcript "should be produced immediately or his case and trial continued until such can be furnish [sic] or he cannot receive a fair trial."

The record reflects that appellant's second trial had occurred approximately one month earlier, on April 7–9, and that he was represented by the same counsel in both.

Appellant relies on Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), wherein the Supreme Court of the United States, although affirming the conviction of an indigent defendant under the narrow circumstances of the case, wrote that as a matter of equal protection a state must provide an indigent defendant with a transcript of prior proceedings when the transcript is needed for an effective defense or appeal.

We note that it was appellant himself, not his attorney (who had also represented him at the former trial), who requested the transcript. The attorney apparently felt that he had no need for the testimony. The record reflects that all three trials lasted less than three full days each. At the trial of the instant case, the State presented only two witnesses in its case-in-chief, which consumed only one day of the trial. Further, the motion requesting the transcript came on the very day of the trial commenced and there is no showing that a transcript of the former trial had been prepared and was available.

To require a trial court under these circumstances to grant a continuance pending preparation of the transcript of a former trial and adequate time to review it would permit a defendant to wait until the last possible moment to urge his motion upon the court and thereby unduly delay the administration of justice. We find that under the circumstances appellant failed to exercise due diligence in asserting his claimed right, as is required by our courts in so many other circumstances. See Peoples v. State, Tex.Cr.App., 477 S.W.2d 889, and Kelly v. State, Tex.Cr.App., 471 S.W. 2d 65. Hence, no error is shown.

■ Next, appellant contends that the State committed error in improperly arguing outside the record during the guilt stage of the trial. He specifically complains of the following:

"MR. GAY (Assistant District Attorney): Now, they have made the point that they weren't Jerry's lawyers on the first trial and we have no argument with that. The record shows they weren't. All that tells us is that [in] the first trial there was no alibi defense . . .

And Jerry changed lawyers, and he changed defenses."

Appellant complains that these remarks related unsworn statements of fact outside the record which were calculated to inflame the minds of the jury.

Defense witnesses Donna Lee Smith and Judy Smith had testified that appellant was with them in their apartment on the night of the robbery. In its cross-examination, the State was permitted without objection to establish that neither woman had testified at appellant's first trial. Donna Lee Smith answered "No" to the State's question, "You and Jerry Lee Johnson hadn't dreamed up this alibi when that first hearing was held at that time, had you?" The State had also established that appellant was represented by different counsel at the first trial. The complained of remarks by the assistant district attorney were about statements in evidence, and therefore present no error. Hoagland v. State, Tex. Cr.App., 494 S.W.2d 186; Lopez v. State, Tex.Cr.App., 490 S.W.2d 565.

Appellant in two grounds of error contends that the trial court erred in admitting certain testimony about his identification by the victims shortly after the robbery and the introduction of evidence that appellant committed an extraneous offense by knowingly using a stolen credit card obtained during the robbery.

The record shows that no objection to such testimony was made during trial and it is first raised on appeal. The error complained of was not preserved. Sennette v. State, Tex.Cr.App., 481 S.W.2d 827; Holcomb v. State, Tex.Cr.App., 484 S.W.2d 929; Burns v. State, Tex.Cr.App., 470 S.W.2d 867. See also Shelton v. State, Tex.Cr.App., 494 S.W.2d 851, and Ramirez v. State, Tex.Cr.App., 489 S.W.2d 889.

We have considered the additional ground of error raised in appellant's pro se supplemental brief and find it to be without merit.

There being no reversible error, the judgment is affirmed.